RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 8/21/13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

ROBERT ANDREW REED                    DOCKET NO. 13-CV-1579; SEC. P

VERSUS                                JUDGE DEE D. DRELL

WARDEN                                MAGISTRATE JUDGE JAMES D. KIRK

## REPORT AND RECOMMENDATION

Before the Court is another petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2241 by Robert Andrew Reed. Petitioner is an inmate from the District of Columbia who is incarcerated at United States Penitentiary in Pollock, Louisiana. He re-raises his claim that his detention is unlawful because he is a D.C. inmate, and the United States Bureau of Prisons (BOP) has no jurisdiction over him. Reed also claims that he is being held beyond the date on which he was to be released.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### Factual Background

Petitioner was tried and convicted of several felonies in the Superior Court of the District of Columbia. Following sentencing, he was transferred to BOP custody and incarcerated at a United States Penitentiary. Petitioner claims that he is a D.C. city prisoner being illegally held with federal prisoners by U.S. officials. [Doc. #1, p.5] He also claims that he should have been released from custody on July 21, 2012.

*Law and Analysis*

1.   *District of Columbia prisoners*

This issue has been addressed before in Petitioner's case #12-2651, which was dismissed, with prejudice.  Plaintiff cannot re-raise the issue in a new Section 2241 petition; it is barred by the doctrine of *res judicata*.  **The BOP administers the imprisonment terms of felony offenders convicted under the D.C. criminal code**.  Congress transferred this responsibility for the incarceration of D.C. Code felony offenders, such as Petitioner, from the D.C. Department of Corrections to the Federal Bureau of Prisons.  See Section 11201 of Chapter 1 of Subtitle C of Title XI of the National Capital Revitalization and Self-Government Improvement Act of 1997 (or District of Columbia Revitalization Act of 1997), enacted August 5, 1997, Pub. L. 105-33, Sec. 11201.

2.   *Release Date*

Petitioner claims that he is being held past his designated release date.  He submiTS a copy of his sentence from the District of Columbia Superior Court, which states that he was to serve a term of **eighty (80) months**, which is approximately six and one-half years.  The judgment further states that a mandatory *minimum* of thirty-six (36) months applies.  The judgment is dated June 3, 2010.  Thus, even with the benefit of good time, Petitioner cannot serve less than thirty-six months of imprisonment.  His sentence was **eighty months**, and any earned good-time is subtracted from that

amount. Plaintiff has presented no evidence to support his contention that his release date was ever calculated at July 21, 2012. Nothing submitted by Plaintiff indicates that he is serving any time above that which is required.

*Conclusion*

For the forgoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED AND DISMISSED** as frivolous and for failing to state a claim for which relief can be granted.

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS**

**ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 20th day of August, 2013.

```
                              _____
                              JAMES D. KIRK
                              UNITED STATES MAGISTRATE JUDGE
```